IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rabbi Dean Alton Holcomb, #154215, ) | C/A No.: 1:15-3511-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Paul B. Wickensimer; Greenville ) | |
| County; Greenville County Clerk of ) | |
| Court; and Judge Letitia H. Verdin, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Rabbi Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated at Greenville County Detention Center ("GCDC"). Plaintiff alleges a violation of his constitutional rights by the following defendants: Paul B. Wickensimer, Greenville County, Greenville County Clerk of Court, and Judge Letitia H. Verdin (collectively "Defendants"). [ECF No. 1 at 1–2].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he filed a habeas petition and motion to proceed in forma pauperis "based on federal forms" and the Greenville County clerk's office failed to create a file

"'for the record.'" [ECF No. 1 at 3–4]. Plaintiff alleges the clerk of court and Judge Verdin "censored [his] petition in order to protect 'one of their own,' Investigator Tim Martin with the Greenville County Sheriff's Office." *Id.* at 4. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal

construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" such that his non-frivolous legal claim was frustrated or impeded); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff's conclusory and speculative allegations concerning his attempts to file a habeas petition in state court fail to provide any detail about the legal action. Accordingly, Plaintiff's allegations are insufficient to demonstrate Defendants' actions prejudiced or impeded any specific non-frivolous legal action. *See*

3

*Lewis*, 518 U.S. at 351–52 (holding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action). Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed.[1]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 10, 2015                                                Shiva V. Hodges
Columbia, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent Plaintiff also asserts state law claims, he has not asserted any independent basis for the court's jurisdiction.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).